**UNITED STATES of America, Appellee,**

v.

**HUI CHEN, Defendant–Appellant.**

**No. 08–4026–cr.**

United States Court of Appeals, Second Circuit.

Oct. 27, 2009.

Bruce R. Bryan, Syracuse, NY, for Appellant.

Andrew L. Fish, Assistant United States Attorney, of counsel to Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y. (Jonathan B. New, David B. Massey, on the brief), for Appellee.

Present: RALPH K. WINTER, ROSEMARY S. POOLER, Circuit Judges, JED S. RAKOFF,* District Judge.

## SUMMARY ORDER

Defendant–Appellant ("defendant"), a former manager of Kassla Limo & Car

---

* The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

Service ("Kassla"), appeals from a judgment of conviction for extortion, conspiracy to commit extortion, and witness tampering. Defendant challenges the sufficiency of the evidence in support of her conviction, the reasonableness of her sentence, and the calculation of the restitution and forfeiture awards. We assume the parties' familiarity with the underlying facts and procedural history.

The Hobbs Act provides that anyone who "obstructs, delays, or affects commerce ... by robbery or extortion, or attempts or conspires so to do" is guilty of a felony. 18 U.S.C. § 1951(a). "Extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear . . . ." 18 U.S.C. § 1951(b)(2). Defendant claims that there was no evidence that she was personally involved in Kassla's efforts to extort its drivers, and that, as a matter of law, Kassla's efforts to protect its illegal van service route between Manhattan and Queens cannot constitute extortion. Neither argument has merit.

■ Contrary to defendant's argument, there was a great deal of evidence that she personally participated in Kassla's criminal endeavors. Defendant held herself out as the company's president. She also spoke about company rules at company meetings, and was involved in determining the drivers' monthly fee. Further, defendant mediated between Kassla's enforcer and its victims, and personally received payments from Kassla's victims.

Defendant also argues that Kassla's violent acts were unrelated to its efforts to collect its monthly fees. Specifically, she claims that the organization used violence and threats of violence, not to extort money from its drivers, but rather to protect the exclusivity of its criminal enterprise. So long as Kassla's violent acts are understood as part of its efforts to dissuade its drivers from competing with its criminal activities, defendant suggests that these acts cannot constitute "obtaining of property from another" within the meaning of the Hobbs Act. Defendant relies heavily on *Scheidler v. National Organization for Women, Inc.,* 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003), in which the Supreme Court suggested that property is "obtained" within the meaning of the Hobbs Act only if the defendant "receive[s] something of value ... that they could exercise, transfer, or sell." *Id.* at 405.

Defendant's claim that Kassla's acts of violence were unconnected to its effort to collect monthly fees from its drivers was considered and rejected by the jury. However, even if we were to credit defendant's claim, there would still be a sufficient basis for the extortion conviction. This Court rejected defendant's argument to the contrary in *United States v. Gotti,* 459 F.3d 296 (2d Cir.2006). In *Gotti,* while acknowledging that *Scheidler* "framed [the "obtaining" requirement] as a two-part inquiry that requires both a *deprivation* and an *acquisition* of property," *id.* at 323 (emphasis added), we explained that "the Court's emphasis on the possibility of exercising, transferring, or selling the property [is] a concern with the extortionist's *intent*." *Id.* (emphasis in the original). Thus, we noted that if the abortion protesters in *Scheidler* had intended to profit from their crimes—if, e.g., they attempted to force the defendants to give them a no-cost non-competition agreement—then this would have satisfied *Scheidler*'s definition of "obtaining." *Id.* at 323–24.

■ The *Gotti* rule is that if a defendant interferes with a person's intangible rights for the sake of enrichment, then this constitutes both a deprivation and an acquisition of the defendant's property. This is

equally true when the "rights" at issue are intangible rights, including the intangible right to engage in illegal activity. *United States v. Ivezaj*, 568 F.3d 88, 93 (2d Cir. 2009); *United States v. Ambrose*, 740 F.2d 505 (7th Cir.1984) (Posner, J.); *United States v. Hanigan*, 681 F.2d 1127, 1131 (9th Cir.1982). Applied to the present case, this means that Kassla's efforts to protect its "turf" with threats and acts of violence satisfies *Scheidler*'s requirement that the defendant not only disrupt the victim's use of her property, but also "obtain" this property.

■ Defendant's challenge to the sufficiency of the evidence in support of her conviction for witness tampering is equally unavailing. Two drivers testified that defendants asked them to give false testimony. Another driver testified that multiple third parties contacted him on defendant's behalf and told him that if Chen were convicted "she would not let go of [him] even if she becomes a ghost," and that, "when she gets out, she will retaliate." It was reasonable for the jury to conclude that these statements were intended as threats.

■ Also without merit is defendant's challenge to the reasonableness of her sentence. The district court sentenced defendant to 86 months' imprisonment, which was roughly one-half the lower end of her guidelines range. Defendant has not argued that the court miscalculated her guidelines range or otherwise committed procedural error. The only issue, therefore, concerns the substantive reasonableness of her sentence in the light of the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We review the district court's sentence for substantive reasonableness deferentially, setting the sentence aside only if it "cannot be located within the range of permissible decisions." *Unit-*

*ed States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (internal quotation marks omitted); *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir.2007). Defendant's best argument for greater leniency is based on her family circumstances: defendant and her husband, a co-defendant, have a young son. However, the district court explicitly took defendant's family circumstances into account and awarded her a below-guidelines sentence on that basis. The district court also found that defendant was "a leader of this criminal enterprise," and that this enterprise made threats of violence and committed actual incidents of violence. In the light of these findings, the 86–month sentence was reasonable.

Finally, defendant challenges the district court's forfeiture and restitution awards. The court ordered $272,410 in forfeiture based on the assumption that 50 drivers made monthly payment of $250 over 22 months, and $119,110 in joint and several restitution. Defendant argues that these awards should be adjusted based on the value of the services the defendants provided to the drivers. Specifically, she suggests that the fact that the drivers continue to collect a $140 monthly fee from each other after Kassla's official dissolution shows that the market value of Kassla's services was at least $140/month.

■ This argument was not made below and is therefore reviewable only for plain error. Even if it were properly preserved, however, we would not be persuaded. It is the *gross proceeds* obtained as a result of the conspiracy, not proceeds after costs, that determines the appropriate forfeiture amount. *See United States v. Lizza Indus., Inc.*, 775 F.2d 492, 498 (2d Cir.1985); *see also United States v. Corrado*, 227 F.3d 543, 552–58 (6th Cir.2000); *United States v. 3814 NW Thurman St.*, 164 F.3d 1191, 1196 (9th Cir.1999); *United States v. McHan*, 101 F.3d 1027, 1041–43 (4th Cir.

1996); *United States v. Saccoccia,* 58 F.3d 754, 785 (1st Cir.1995). Accordingly, there is no merit to defendant's argument that she should be permitted to subtract the market value of the "services" she provided to her victims from the total amount she is required to restore to her victims and forfeit to the government.

We have considered the defendant's remaining arguments and conclude that they are without merit. The judgment below is AFFIRMED.